UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CLARENCE W. TRENT,

                      Plaintiff,

        -against-

MARK K. PEDDYCOART, # 4021;
TIMOTHY MCGUIRE, # 1222;
SGT. VITO GAZZOLA

                      Defendants.
-------------------------------------------------------------------X

**ORDER TO SHOW CAUSE**
22-CV-3351(GRB) (ARL)

**FILED**
**CLERK**

2:36 pm, Jun 23, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**GARY R. BROWN, United States District Judge:**

      Before the Court is the complaint and *in forma pauperis* application filed *pro se* by Clarence W. Trent ("plaintiff") on May 19, 2022[1] while incarcerated at the Sing Sing Correctional Facility. (Docket Entry "DE" 1-2.) Plaintiff complains of events alleged to have occurred in 2017. (DE 2 at 4 and generally.) Upon review, the Court finds that he is qualified by his financial position as reported on the application to proceed *in forma pauperis*. Accordingly, the application to proceed *in forma pauperis* is granted. Upon review of the complaint in accordance with the *in forma pauperis* statute, 28 U.S.C. § 1915, and the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A, the timeliness of plaintiff's claims is dubious. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (explaining that 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) "provide an efficient means by which a court can screen for and dismiss legally insufficient claims"); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court

---

[1] Plaintiff filed his complaint and *in forma pauperis* application in the United States District Court for the Southern District of New York. (DE 1-2.) By Transfer Order dated May 31, 2022, plaintiff's complaint was transferred to the Eastern District of New York and, on June 7, 2022, it was assigned to the undersigned. (DE 4-5.).

1

screen a civil complaint brought by a prisoner against a governmental entity or its agents . . . .") (quoting 28 U.S.C. § 1915A)); *see also Gunn v. Doe*, No. 19-CV-10383(LLS), 2020 WL 5663393, *1 (E.D.N.Y. Sept. 23, 2020) ("The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity."). Accordingly, plaintiff is ordered to show cause as set forth below why the Court should not dismiss his action as time-barred.

Plaintiff alleges that, on August 19, 2017, he was struck by a police car and suffered a fracture to his right foot. (DE 2 at 4-5, ¶ V.) According to the complaint, plaintiff was taken to the police precinct rather than the hospital. (*Id*.) In the space that calls for the legal basis of his claim, plaintiff checked the "other" box yet left the space blank. For relief, plaintiff seeks to recover a monetary award in the sum of $3 million. Affording the *pro se* complaint a liberal construction, it appears that plaintiff seeks to pursue excessive force and/or deliberate indifference claims due to the alleged denial of adequate medical treatment which are properly brought pursuant to 42 U.S.C. § 1983. Under New York law, Section 1983 claims are governed by a three-year statute of limitations. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations.") (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)); *see also Wheeler v. Slanovec*, No. 16-CV-9065, 2019 WL 2994193, *5 (S.D.N.Y. July 9, 2019) ("[F]ederal courts in New York apply a three-year statute of limitations for personal injury actions to § 1983 claims."). Given that plaintiff's Section 1983 claims arise from conduct alleged to have occurred in August 2017 (DE 2, ¶ V), they are well outside the three-year statute of limitations.

Although a statute of limitations generally may be extended under the doctrine of equitable

tolling, plaintiff has not alleged a basis to equitably toll the statute of limitations. The equitable tolling doctrine "applies where it would be unjust to allow a defendant to assert a statute of limitations defense, because the defendant's affirmative wrongdoing . . . produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *Willensky v. Lederman*, No. 13-CV-7026 (KMK), 2015 WL 327843, *6 (S.D.N.Y. Jan. 23, 2015) (internal quotation marks and citation omitted). In general, equitable tolling applies where "extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks and alteration omitted).

To determine whether equitable tolling applies, the person seeking application of the doctrine "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Castang v. Geimano*, No. 19-CV-7178(BMC)(LB), 2020 WL 5531553, at *2 (E.D.N.Y. Sept. 15, 2020) (citing *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)); *see also McDermott v. Fed. Sav. Bank*, No. 14-CV-6657 (JMA) (GRB), 2018 WL 6718599, at *3 (E.D.N.Y. Sept. 28, 2018). "This standard is very high." *Castang*, 2020 WL 5531553, at *2 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (stating "a garden variety claim of excusable neglect" is not enough to show equitable tolling). Plaintiff bears the burden to establish that equitable tolling is warranted. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (The "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff.") (citation omitted).

The Second Circuit instructs that notice and an opportunity to be heard be afforded to a *pro se* litigant prior to dismissing an *in forma pauperis* complaint *sua sponte* as barred by the applicable statute of limitations. *See Abbas*, 480 F.3d at 639-40; *see also Muhammadali v. City*

3

*of New York*, 795 F. App'x 70, 71 (2d Cir. 2020) (summary order) ("[A] district court should not *sua sponte* dismiss an action as time-barred without giving the plaintiff notice and opportunity to be heard as to potential affirmative defenses."). **Accordingly, plaintiff is ordered to show cause in writing within sixty (60) days from the date of this Order why his claims arising from the events alleged to have occurred in August 2017 as alleged in the complaint are not barred by the applicable statute of limitations. Plaintiff is cautioned that his failure to timely comply with this Order absent a showing of good cause will lead to the dismissal of his claims with prejudice as time-barred pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

      /s/_____
**Hon. Gary R. Brown**
United States District Judge

Dated:      June 23, 2022
              Central Islip, New York