UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CLARENCE W. TRENT,

                Plaintiff,

                ORDER
                22-CV-3351(GRB) (ARL)

  -against-

MARK K. PEDDYCOART, # 4021;
TIMOTHY MCGUIRE, # 1222;
SGT. VITO GAZZOLA,

                Defendants.
-------------------------------------------------------------------X

FILED
CLERK
10:04 am, Oct 12, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge:**

By Order to Show Cause dated June 23, 2022 (Docket Entry "DE" 10), the Court granted the application of *pro se* litigant Clarence W. Trent ("plaintiff") to proceed *in forma pauperis* and ordered him to show cause why the Court should not dismiss his complaint as time-barred. On August 22, 2022, plaintiff timely responded to the Order to Show Cause. DE 15. Upon review and for the reasons that follow, plaintiff's claims are barred by the applicable statute of limitations and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).

    **I.**    **Background**

According to the complaint filed by plaintiff on May 19, 2022, plaintiff was struck by a police car on August 19, 2017 and suffered a fracture to his right foot. (Compl. DE 2 at 4-5, ¶ V.) Plaintiff alleges that he was taken to the police precinct rather than the hospital. (*Id.*) In the space that calls for the legal basis of his claim, plaintiff checked the "other" box yet left the space blank. For relief, plaintiff seeks to recover a monetary award in the sum of $3 million. Affording the *pro se* complaint a liberal construction, it appears that plaintiff seeks to pursue excessive force and/or deliberate indifference claims due to the alleged denial of adequate medical treatment which are properly brought pursuant to 42 U.S.C. § 1983.

Because plaintiff's complaint was filed well after the expiration of the three-year statutory period for such claims, in accordance with the Second Circuit's instruction that notice and an opportunity to be heard be afforded to a *pro se* litigant prior to dismissing an *in forma pauperis* complaint *sua sponte* as barred by the applicable statute of limitations, *see Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *see also Muhammadali v. City of New York*, 795 F. App'x 70, 71 (2d Cir. 2020) (summary order) ("a district court should not *sua sponte* dismiss an action as time-barred without giving the plaintiff notice and opportunity to be heard as to potential affirmative defenses"), the Court afforded plaintiff an opportunity to demonstrate a basis to equitably toll the statute of limitations. See DE 10.

Notwithstanding the clear guidance provided to plaintiff in the order to show cause (*see id*.) and the sixty-day time period within which to comply, plaintiff filed a single, handwritten page wherein he asserts that he

> filed in 2018 but no response I just didn't understand how to properly file. Covid can be a reason I did not get no response and did not get to file in timely fashion. . . . Most importantly I had a mental health episode witch caused me to lose my memory and all sense of awareness. I am currently still in a mental health program and have been for a few years now.

DE 13.

## II.     Statute of Limitations

Under New York law, Section 1983 claims are governed by a three-year statute of limitations. See *Owens v. Okure,* 488 U.S. 235, 250-51 (1989) (holding that New York's three-year statute of limitations for general personal injury actions is applicable to § 1983 actions filed in federal courts in New York); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations.") (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)); *see also Wheeler v. Slanovec*, No.

16-CV-9065, 2019 WL 2994193, *5 (S.D.N.Y. July 9, 2019) ("[F]ederal courts in New York apply a three-year statute of limitations for personal injury actions to § 1983 claims."). Given that plaintiff's complaint was filed on May 19, 2022 alleging Section 1983 claims arising from conduct alleged to have occurred in August 2017 (DE 2, ¶ V), they are well outside the three-year statute of limitations.

### A.  Equitable Tolling

However, a statute of limitations generally may be extended under the doctrine of equitable tolling. The equitable tolling doctrine "applies where it would be unjust to allow a defendant to assert a statute of limitations defense, because the defendant's affirmative wrongdoing . . . produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *Willensky v. Lederman*, No. 13-CV-7026 (KMK), 2015 WL 327843, *6 (S.D.N.Y. Jan. 23, 2015) (internal quotation marks and citation omitted). In general, equitable tolling applies where "extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks and alteration omitted).

"Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would defeat the goals of section 1983." *Abbas*, 480 F.3d at 641 (internal quotation marks and citation omitted); *Berrios v. Henri*, No. 18-CV-4194, 2021 WL 6197052, at *3 (E.D.N.Y. Dec. 30, 2021) ("In § 1983 actions filed in New York, 'federal courts [are] obligated not only to apply the analogous New York statute of limitations to . . . federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations.'" (quoting *Leon v. Murphy*, 988 F.2d 303,

3

310 (2d Cir. 1993)). Under New York law, equitable tolling is an "extraordinary remedy" that is available only when a plaintiff can demonstrate that he acted diligently and commenced the action "within a reasonable time after the facts giving rise to the estoppel have ceased to be operational." *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 796, 793 N.Y.S.2d 565, 569 (A.D.3d 2005) (citing *Simcuski v. Saeli*, 44 N.Y.2d 442, 450, 406 N.Y.S.2d 259, 377 N.E.2d 713 (1978) (internal quotation marks and additional citation omitted)); *see also Pulver v. Dougherty*, 58 A.D.3d 978, 871 N.Y.S.2d 495, 497 (2009) (equitable estoppel is an "extraordinary remedy"). Equitable estoppel "estops the defendant/wrongdoer who has taken 'affirmative steps to prevent a plaintiff from bringing a claim' within the limitations period from arguing that the plaintiff is at fault and should be precluded from bringing a claim for failure to bring it within that limitations period." *Roeder v. J.P. Morgan Chase & Co.*, No. 20- CV-2400, 2021 WL 797807 (S.D.N.Y. Feb. 26, 2021), *aff'd*, No. 21-552, 2022 WL 211702 (2d Cir. Jan. 25, 2022) (quoting *Zumpano v. Quinn*, 6 N.Y.3d 666, 816 N.Y.S.2d 703, 849 N.E.2d 926, 929 (2006)); *Putter v. N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 825 N.Y.S.2d 435, 858 N.E.2d 1140, 1142 (2006) ("[E]quitable estoppel . . . preclude[s] a *defendant* from using the statute of limitations as a defense where it is the *defendant's* affirmative wrongdoing which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." (emphasis added) (internal quotation marks and citation omitted)). Indeed, "New York tolls the statute of limitations both (i) where the *defendant* conceals from the plaintiff the fact that he has a cause of action, and (ii) where the plaintiff is aware of his cause of action, but the *defendant* induces him to forego suit until after the period of limitations has expired." *Camacho v. Nassau Boces Sch. Dist.*, No. 21-CV-1523(DRH)(JMW), 2022 WL 256506, at *7 (E.D.N.Y. Jan. 27, 2022). "It is the Plaintiff's burden to establish facts entitling him to equitable tolling." *Willensky v. Lederman*, No. 13-CV-7026

KMK, 2015 WL 327843, at *6 (S.D.N.Y. Jan. 23, 2015) (internal quotation marks and citation omitted); *see also Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (The "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff.") (citation omitted).

### B. Application

As is readily apparent, plaintiff has not demonstrated a proper basis to equitably toll the statute of limitations. Plaintiff's sparse submission does not allege that any of the defendants "concealed" the fact that he had a cause of action or "induced" him to forego suit until after the statutory period had expired. To be sure, plaintiff asserts that he "filed in 2018" but provides no other information concerning such filing such as a docket number or index number or even the court in which he allegedly filed a complaint. Further, plaintiff claims he "just didn't understand how to properly file" yet provides no efforts undertaken and thus fails to demonstrate diligence. Insofar as plaintiff claims that "Covid can be a reason" and blames his "mental health" for the delay, he has not included any dates or facts in support of these conclusions, making it impossible for the Court to find him incapacitated during the relevant time period. Given the absence of any allegations that any of the defendants took any affirmative steps to prevent plaintiff from timely filing suit, together with plaintiff's failure to demonstrate diligence, equitable estoppel does not apply. *See Willensky*, 2015 WL 327843, *6 (finding equitable estoppel inapplicable and explaining that the doctrine "applies where it would be unjust to allow a defendant to assert a statute of limitations defense, because the defendant's affirmative wrongdoing . . . produced the long delay between the accrual of the cause of action and the institution of the legal proceeding" (cleaned up) (emphasis added)). Indeed, "[e]quitable tolling is a rare remedy to be applied in

5

unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007).

While sympathetic to plaintiff's circumstances, he has not adequately demonstrated a basis to equitably toll the statute of limitations. Thus, equitable tolling is not warranted and plaintiff's claims are untimely. Accordingly, the complaint is dismissed as time-barred pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail a copy of this Order to the plaintiff at his address of record and record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: October 12, 2022
Central Islip, New York

/s/
**Hon. Gary R. Brown**
United States District Judge