UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CLARENCE W. TRENT,

                              Plaintiff,

              -against-

MARK K. PEDDYCOART, # 4021; TIMOTHY
MCGUIRE, # 1222; SGT. VITO GAZZOLA, and
SUFFOLK COUNTY POLICE DEPARTMENT,

                              Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 22-3351 (GRB)(ARL)

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Brown, is a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) of Defendants Mark K. Peddycoart, Timothy McGuire, Vito Gazzola and the Suffolk County Police Department ("SCPD") (collectively, "Defendants"). For the reasons set forth below, the undersigned respectfully recommends that the motion be granted.

## BACKGROUND

A. **Procedural Background**

*Pro se* Plaintiff filed the original complaint in this matter on May 19, 2022. ECF No. 1. By order dated June 23, 2022, Judge Brown ordered Plaintiff to show cause as to why the Court should not dismiss his action as time-barred. ECF No. 10. Plaintiff responded to the order to show cause on August 11, 2022. ECF No. 13. By Memorandum and Order dated October 12, 2022 ("October 2022 Decision"), Judge Brown held that "[g]iven the absence of any allegations that any of the defendants took any affirmative steps to prevent plaintiff from timely filing suit, together with plaintiff's failure to demonstrate diligence, equitable estoppel does not apply." ECF No. 16, at 5. Accordingly, Judge Brown dismissed the complaint with prejudice. *Id.*

On November 7, 2022, Plaintiff appealed the dismissal. ECF No. 18. On April 3, 2023, Plaintiff's appeal was granted and the action was "REMANDED for the district court to grant Appellant leave to amend and to develop the record as to whether Appellant may be entitled to tolling pursuant to N.Y. C.P.L.R. § 208." ECF No. 21. Plaintiff filed the First Amended Complaint ("FAC") on May 26, 2023. ECF No. 25. The First Amended Complaint argues that Plaintiff is entitled to tolling of the statute of limitations because

> [i]n the years of 2018 while incarcerated at Sing Sing Correctional Facility, plaintiff with the assistance of another incarcerated individual initially filed the complaint in the court of claims, and to the attorney general of the state of New York (1983 in the Court of Claims). Plaintiff did receive any response from the court. In the years of 2021, plaintiff later developing mental health issue while in the special housing unit at Clinton Correctional Facility, due to an incident concerning assault on staff. The medication proscribed Thorisene, which was for sleeping, lost of reality and hearing voices cause. This matter cause plaintiff loses memory and all sense of awareness, not to be in the right state of mind.

FAC ¶ 13. Plaintiff also claims to have been quarantined for COVID for 28 days, while in the special housing unit. *Id*. at ¶ 15.

On August 14, 2023, Defendants filed a letter request addressed to Judge Brown, seeking a pre-motion conference with regard to Defendants' proposed motion pursuant to Rule 12(b)(6) to dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted. By Order dated August 16, 2023, Judge Brown referred the letter request and any resultant motion to the undersigned. On August 29, 2023, the undersigned denied Defendants' request for a pre-motion conference, and set a briefing schedule on Defendants' motion to dismiss.

Shortly thereafter, the Court received Plaintiff's letter request for a six-month extension of his time to respond to Defendants' letter motion for a pre-motion conference. ECF No. 32. Next, Plaintiff filed a motion to amend the complaint to address the deficiencies noted by Defendants. ECF No. 33. No opposition to either motion was filed by Defendants. The

2

undersigned granted both motions and set a briefing schedule for the filing of Defendants' motion to dismiss. ECF No. 35.

Plaintiff filed the Second Amended Complaint ("SAC") on November 1, 2024, adding the SCPD as a defendant for the first time. ECF No. 37. The SAC contains no discussion of equitable tolling. Defendants' motion to dismiss was filed on May 31, 2024. ECF No. 47. Plaintiff did not respond to Defendants' motion to dismiss. On September 3, 2024, Plaintiff filed a motion to appoint counsel, which was denied on November 19, 2024.

B. **Factual Background**

The following facts are drawn from the SAC, ECF No. 37, and are accepted as true for purposes of the instant motion.[1] *Samuels v. Air Transp. Local* 504, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

In the SAC, Plaintiff asserts claims for violation of the Eight and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, naming Mark K. Peddycoart, Vito Gazzola, Timothy McGuire and the SCPD as Defendants. SAC ¶¶ 6, 10. According to the SAC, Plaintiff was struck by a police car driven by Defendant Peddycoart on August 19, 2017. *Id*. at

---

[1] Once Plaintiff filed the SAC it became the operative pleading, superseding the FAC. *McCray v. Lee*, 963 F.3d 110, 119 (2d Cir. 2020). Typically, once the amended pleading is filed, the Court may not consider allegations set forth in the prior pleading for purposes of a motion to dismiss. *Id.; see also Alicea v. Yang*, No. 22-1482, 2023 U.S. App. LEXIS 24563, at *2, 2023 WL 5994211 (2d Cir. Sept. 15, 2023) ("In conducting this review, we assume all well-pleaded allegations in the operative complaint are true and draw every reasonable inference in the plaintiff's favor"). However, "[i]n light of Plaintiff's pro se status, the Court will rely on the facts asserted in Plaintiff's First and Second Amended Complaints . . . as the Second Amended Complaint includes insufficiently detailed factual allegations" regarding Plaintiff's claim of tolling. *Wheeler v. Slanovec*, No. 16 Civ. 9065 (KMK), 2019 U.S. Dist. LEXIS 113679, 2019 WL 2994193 (S.D.N.Y. July 9, 2019) (citing *Clack v. Torre*, No. 10-CV-1905, 2012 U.S. Dist. LEXIS 123729, 2012 WL 3779135, at *2 (D. Conn. Aug. 30, 2012) ("[A]lthough the [p]laintiff did not specifically incorporate or refer to the extensive factual allegations contained in his [prior] [c]omplaint in the comparatively brief [subsequent] Complaint, the [c]ourt will consider the two pleadings together as constituting the operative complaint in this matter").

3

¶ 11. Plaintiff claims the vehicle rolled over both of his legs resulting in a wound on his right foot. *Id.* at ¶ 12. Plaintiff was then arrested by Defendant McGuire and driven to the police precinct. *Id*. After several hours Plaintiff was taken to the hospital for his injuries, where he was diagnosed with a fractured right foot. *Id*. at ¶ 13. Plaintiff alleges that Sargent Vito Gazzola, failed to make sure the officer performed his duties, as Plaintiff repeatedly ask to go to the hospital. *Id*. at ¶ 14. While the SAC does not mention Plaintiff's claim of tolling, in the FAC (as discussed above) Plaintiff alleges that he originally filed the action in the wrong court and that in 2021 he developed a mental health issue and subsequently contracted COVID. FAC at ¶¶ 13-15.

Plaintiff purports to assert four causes of action, however, counts one through three are the same claim for excessive force against Defendants Peddycoart, McGuire and Gazzola. *Id.* at ¶¶ 15-17. In the Fourth Count, Plaintiff alleges the SCPD is liable to Plaintiff for the above-described wronging as a result of their failure to properly train and supervise employees. *Id*. at ¶ 18.

## DISCUSSION

### A. Tolling of the Statute of Limitations

District Judge Brown has already determined that Plaintiff's complaint was filed outside the statutory limitations period and that equitable tolling was not available to Plaintiff, and neither determination was not disturbed by the Second Circuit on appeal. ECF No. 21 (remanding to allow Plaintiff "leave to amend and to develop the record as to whether Appellant may be entitled to tolling pursuant to N.Y. C.P.L.R. § 208"). Accordingly, the only issue before the Court is whether Plaintiff has alleged facts establishing that statutory tolling is warranted under New York CPLR § 208(a).

New York C.P.L.R. § 208 provides:

> If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases . . . the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever occurs first.

C.P.L.R. § 208 (emphasis added). Insanity, as provided in C.P.L.R. § 208, is construed narrowly. *La Russo v. St. George's Univ. Sch. of Med.,* 747 F.3d 90, 99 (2d Cir. 2014). It is intended to apply "only to those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *Id.* (quoting *McCarthy v. Volkswagen of Am.*, 55 N.Y.2d 543, 548, 450 N.Y.S.2d 457, 460, 435 N.E.2d 1072, 1075 (1982)); *Quiroz v. Elmira Psychiatric Ctr./Hospital,* No. 23-CV-6065-FPG, 2023 U.S. Dist. LEXIS 59194, 2023 WL 2775082 (W.D.N.Y. Apr. 4, 2023). Since the statute speaks in terms of "insanity" and not "merely mental illness," allegations such as "apathy, depression, post-traumatic neurosis, psychological trauma and repression therefrom or mental illness alone" are insufficient to entitle a plaintiff to tolling. *Id.* (quoting *de los Santos v. Fingerson*, 97 CV 3972, 1998 U.S. Dist. LEXIS 16657, 1998 WL 740851, at *4 (S.D.N.Y. Oct. 23, 1998)); *see also Carmichael v. Hobbs,* No. 07 CV 2022, 2010 U.S. Dist. LEXIS 105006, 2010 WL 3925198 (E.D.N.Y. Oct. 1, 2010) ("'mental illness does not toll a filing deadline per se'; rather, the plaintiff must 'demonstrate that her particular disability constituted an extraordinary circumstance severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so'")(quoting *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)); *Sanders v. Rosen*, 159 Misc. 2d 563, 605 N.Y.S.2d 805, 814 (Sup. Ct. 1993) (explaining that "[t]he Court of Appeals ha[s] made it quite plain that apathy, depression and neurosis are not so disabling as to toll the Statute of Limitations").

The plaintiff bears the burden of establishing that C.P.L.R. § 208 is applicable and that

tolling is warranted. *Hwang v. Grace Road Church (in New York)*, 14-CV-7187 (KAM) (RML), 2016 U.S. Dist. LEXIS 32824, 2016 WL 1060247, at *6 (citing *Bejaoui v. City of New York*, No. 13 CV 5667, 2015 U.S. Dist. LEXIS 44087, 2015 WL 1529633, at *8 (E.D.N.Y. Mar. 31, 2015)); *see also Washington v. Doe*, No. 08 CV 4399, 2011 U.S. Dist. LEXIS 15521, 2011 WL 679919, at *2 (E.D.N.Y. Feb. 16, 2011) (explaining that "[o]nce the defendant demonstrates that the claim facially falls outside the limitations period, the plaintiff, not the defendant, bears the burden of proof to show that § 208 is applicable and tolling is appropriate") (citing cases). Indeed, courts often dismiss complaints at the motion to dismiss stage on the grounds that plaintiff has not adequately alleged facts to support the tolling of a statute of limitations. *See, e.g., La Russo,* 747 F.3d at 101.

    Here, Plaintiff was provided a roadmap indicating what was required to properly plead tolling. Plaintiff submitted a letter to the Court on August 11, 2022 indicating that he "just didn't understand how to properly file" and stating that his position was that "Covid can be a reason" he failed to file and claiming that he "had a mental health episode witch [sic] caused [him] to lose [his] memory and all sense of awareness. I am currently still in a mental health program and have been for a few years now." ECF No. 13. In the October 2022 decision, Judge Brown noted that these assertions were lacking in specificity because Plaintiff "has not included any dates or facts in support of these conclusions, making it impossible for the Court to find him incapacitated during the relevant time period." ECF No. 16 at 5. In the FAC, Plaintiff alleges that he was confined to a special housing unit in 2021 and his mental health was impacted. Leaving aside whether this was sufficient to qualify as insanity for purposes of N.Y. C.P.L.R. § 208, the three-year statute of limitations on Plaintiff's claim expired in August 2020, and therefore, any mental health episodes occurring after that time do not toll the statute of limitations. Similarly, Plaintiff's position that he was quarantined as a result of COVID while

6

he was in the special housing until (which did not occur until 2021) does not toll the running of the statute of limitations.[2]  Accordingly, the undersigned respectfully recommends that Plaintiff's action be dismissed as time-barred.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*.  *Pro se* Plaintiff must file her objections in writing with the Clerk of the Court within the prescribed time period noted above.  Any requests for an extension of time for filing objections must be directed to Judge Brown prior to the expiration of the 14-day period for filing objections.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 3, 2024

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

---

[2] Although the Second Circuit remanded for consideration of NY C.P.L.R. § 208, Plaintiff repeats his assertion that he is entitled to tolling because he initially filed his action in the wrong court.  FAC ¶ 15.  However, despite Judge Brown's conclusion that Plaintiff failed to provide information concerning such filing such as a docket number or index number and therefore was not entitled to equitable tolling, Plaintiff has not provided the missing information, nor has Plaintiff plead facts demonstrating he acted diligently in discovering his error. Thus, equitable tolling remains unavailable to Plaintiff.